(C.D. 2108)

W. G. Carroll v. United States

United States Customs Court, Second Division

(Decided August 11, 1959)

*W. G. Carroll* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The three protests enumerated in the schedule, attached to and made part of the decision herein, were consolidated for the purposes of trial and determination.

The imported merchandise described on the consular invoices as spare parts for motorboat engines, carburetor type, was classified by the collector of customs as "PARTS OF MOTOR BOATS, OTHER PARTS," and duty was imposed thereon at the rate of 15 per centum ad valorem pursuant to the provisions of paragraph 370 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 370), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

It is the contention of the plaintiff that the articles in controversy should properly be classified as parts of internal-combustion engines, carburetor type, in paragraph 370 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessed with duty at the rate of 8¾ per centum ad valorem. It is alternatively claimed by the plaintiff that the merchandise should be classified in paragraph 372 of said act (19 U.S.C. § 1001, par. 372), as internal-combustion engine parts, not specially provided for, wholly or in chief value of metal or porcelain, at 8¾ per centum ad valorem, or in paragraph 353 of said act (19 U.S.C. § 1001, par. 353), as such parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, at 8¾ per centum ad valorem, both provisions having been modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra*.

The pertinent text of the statutes invoked herein read as follows:

Paragraph 370, as modified by the General Agreement on Tariffs and Trade, *supra*:

Airplanes, hydroplanes, motor boats, and parts of the foregoing\_\_\_\_\_ 15% ad val.

Paragraph 370, as modified by the Torquay protocol, *supra*:

Internal-combustion motor-boat engines (except non-carburetor
type weighing over 2,500 pounds each)_____ 8¾% ad val.

Paragraph 372, as modified by the Torquay protocol, *supra*:

Machines, finished or unfinished, not specially provided for:

 *  *  *  *  *  *  *

  Internal-combustion engines of the carburetor type_____ 8¾% ad val.

*  *  *  *  *  *  *

Parts, not specially provided for, wholly or in chief value of
metal or porcelain, of any article provided for in any item
372 in this Part:
   Parts of sewing machines * * *
   Other _____ The rate for
                       the article of
                       which they
                       are parts

Paragraph 353, as modified by the Torquay protocol, *supra*:

Articles having as an essential feature an electrical element or
device, such as electric motors, fans * * *:

*      *      *      *      *      *      *

     Internal-combustion engines, carburetor type_____ 8¾% ad val.

*      *      *      *      *      *      *

Parts, finished or unfinished, wholly or in chief value of metal,
not specially provided for, of articles provided for in any
item 353 of this Part (not including X-ray tubes or parts
thereof) _____ The same rate
of duty as the
articles  of
which  t h e y
are parts

The case has been submitted for decision upon a stipulation in which counsel for the parties have agreed that—

1. the merchandise covered by the protests at bar consists of parts of internal combustion engines, carburetor type, dedicated to use in motor boat engines;

2. the Collector of Customs has classified complete internal combustion engines, carburetor type, under paragraph 370 of the Tariff Act of 1930 as amended by T.D. 52739, and assessed duty at 8¾% ad valorem. The parties are in agreement as to the accuracy of the classification of such complete engines;

3. the Collector of Customs classified the merchandise being protested, the parts of engines for motor boats, as parts of motor boats – other parts, under paragraph 370 of the Tariff Act of 1930 as amended by T.D. 51802, and assessed duty at 15% ad valorem. The Collector contends that no provision for parts of internal combustion engines, carburetor type, exists under paragraph 370, at the reduced rate. The importer contends that the parts should properly be classified under paragraph 370, and assessed with duty at 8¾% ad valorem;

4. plaintiff also claims that if the merchandise is not properly classified under paragraph 370 at the rate of 8¾% ad valorem, then, in the alternative it should be classified under paragraph 372, as Parts, nspf, wholly or in chief value of metal or porcelain, of any article provided for in this paragraph; Other – The current rate for the articles, or under paragraph 353, as, Parts, finished, wholly or in chief value of metal, nspf, of articles provided for in this paragraph — Other . . . The rate for the articles of which they are parts. Internal-combustion engines; Carburetor type are specifically provided for in paragraphs 353 and 372 of the Tariff Act of 1930, as amended at the rate of 8¾% ad valorem.

Since the facts in this case have been agreed upon, the question presented for our determination is solely one of law.

From the provisions of the tariff act which have been set forth, *supra*, it appears that Congress has provided for internal-combustion engines of the carburetor type in three provisions of the tariff act, namely, paragraphs 370, 372, and 353. Of these three paragraphs, paragraph 370 is specifically and solely applicable to internal-combustion *motorboat* engines, whereas paragraphs 372 and 353 encompass nonelectrical and electrical internal-combustion engines which may be applied to a variety of purposes.

Although, by virtue of the Torquay Protocol to the General Agreement on Tariffs and Trade, the rate of duty on "parts" of internal-combustion engines of the carburetor type provided for in paragraphs 372 and 353 has been modified to conform with the rate applicable to the article of which they are parts, said Torquay protocol contains no provision for a similarly modified rate applicable to parts of internal-combustion *motorboat* engines. The result is that the reduced rate of 15 per centum ad valorem applicable to parts of motorboats provided in paragraph 370 of said act pursuant to the General Agreement on Tariffs and Trade remains in force and effect and would appear to be applicable to the importations in issue.

Plaintiff, in its brief, makes reference to the cases of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232, pertaining to corsets and lace trimmings, and *Geo. S. Bush & Co., Inc.* v. *United States*, 41 C.C.P.A. (Customs) 33, C.A.D. 525, which modified the judgment of the court below, *id.* v. *id.*, 28 Cust. Ct. 308, C.D. 1429, neither of which cases we deem controlling of the present controversy. The *Bush* cases, *supra*, are clearly distinguishable inasmuch as the gasoline engines of the carburetor type imported with four saws, which were there under consideration, were shown to be, in the language of the appellate court—

* * * not indispensable as the power producing element in the operation of the saws because electricity or compressed air may likewise provide the power to effect the same result; that the gasoline engine may be readily detached from the saw assembly by the removal with a monkey wrench of four or eight nuts, depending on the model of the saw; that when so detached, or in the first instance, the gasoline engine may be used for various other purposes and in various other ways, such as driving a pump or propelling a motor boat. * * *

The parts of internal-combustion engines presently in issue are by agreement of the parties hereto "dedicated to use in motor boat engines."

We believe the circumstances of the instant case are comparable to those before the court in the case of *Westinghouse Air Brake Co.* v. *United States*, 26 Cust. Ct. 170, C.D. 1319. In that case, certain so-called "Monel Liners" were shown to be parts of feed water pumps, which pumps were parts of locomotives. It was held in that case that the Monel liners, which had been classified by the collector of customs as articles not specially provided for, composed of metal, in paragraph 397 of the Tariff Act of 1930, should properly have been classified as parts of steam locomotives within the provisions of paragraph 372 of said act. In the course of its decision, the court stated—

The facts are not disputed. Defendant in its brief asserts that the "testimony clearly discloses that the involved liners are *not* parts of locomotives but *are* parts of feed water pumps, which said pumps are parts of locomotives." [Italics quoted.] Defendant then argues that since paragraph 372, *supra*, makes

no provision for "a part of a part," it must follow that "the involved liners cannot be said to be parts of locomotives." No authorities are cited in support of this contention.

Plaintiff invites our attention to the case of *Richardson Co.* v. *United States*, 8 Ct. Cust. Appls. 179, T.D. 37289. The merchandise before the court in that case apparently consisted of carburetors which were so designed and constructed that they could only be affixed to and made parts of certain engines for tractors, which latter were chiefly used for plowing and thrashing. The court was accordingly of the opinion, and so held, that the particular carburetors there under consideration were subject to classification for tariff purposes as parts of agricultural implements.

Plaintiff also cites the decision of this court in *Central Aguirre Sugar Co.* v. *United States*, 60 Treas. Dec. 476, T.D. 45142, wherein we held that repair parts of steam engines constituting the operating mechanisms of so-called Fowler plows used exclusively in agricultural pursuits, were properly classifiable as parts of agricultural implements.

Another case which lends itself to this discussion is *Landay Bros.* v. *United States*, 5 Ct. Cust. Appls. 498, T.D. 35151, wherein it was held that so-called "needles" for phonographs were necessary parts of reproducers and that inasmuch as a reproducer was an integral and indispensable part of a phonograph, the "needles" were integral parts of phonographs.

Applying the principles of the cases above cited, it logically follows that since the Monel liners in controversy are parts of feed water pumps, which latter are parts of locomotives, as admitted by the defendant in its brief, the liners themselves are parts of locomotives. As stated by the Court of Customs and Patent Appeals in *United States* v. *American Express Co.*, 29 C.C.P.A. (Customs) 87, 93, C.A.D. 175, "* * * an integral part of an integral part of an article is an integral part of such article," citing the *Richardson* and *Landay* cases, *supra*.

On the theory advanced by our appellate court in the *American Express Co.* case, *supra*, that "* * * an integral part of an integral part of an article is an integral part of such article," we are of the opinion, in the controversy before us, that the parts of internal-combustion engines, which are admittedly dedicated to use in motorboats, are parts of motorboats and that the collector of customs correctly so classified them within the provision of paragraph 370 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, for which duty at the rate of 15 per centum ad valorem is provided. All claims in the protests are, therefore, overruled and the action of the collector of customs is affirmed.

Judgment will be entered accordingly.